UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER E. BUCKLEY                          CIVIL ACTION

VERSUS                                                    NO. 19-11172

STATE OF LOUISIANA                              SECTION "R" (3)


### ORDER AND REASONS


Christopher E. Buckley petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing § 2254 Cases, the Court referred the matter to Magistrate Judge Dana M. Douglas.  On October 29, 2020, Magistrate Judge Douglas issued a Report and Recommendation ("R&R"), finding that petitioner's claims were barred by the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1)(A).[2]  Magistrate Judge Douglas further found that petitioner was not entitled to statutory or equitable tolling, and could not make out a claim of actual innocence.[3]  Accordingly, Magistrate Judge Douglas recommended dismissing the

---

[1]    R. Doc. 1.
[2]    R. Doc. 21 at 3-4.
[3]    *Id.* at 4-16.

petition with prejudice.[4]  On December 17, 2020, petitioner filed objections to the R&R, arguing that he is entitled to equitable tolling and can make out a claim of actual innocence.[5]

The Court has reviewed *de novo* the record, the applicable law, and Buckley's objections.  Because Buckley is not entitled to tolling of the statute of limitations, and because he cannot make out a claim of actual innocence, the Court overrules his objections and adopts the R&R as its opinion.

## I.    DISCUSSION

As Magistrate Judge Douglas concludes, Buckley's petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for state prisoners seeking federal habeas corpus relief.  28 U.S.C. § 2244(d)(1).  That one-year period runs from the latest of four triggering events, including, as relevant here, "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2244(d)(1)(A). The Fifth Circuit has instructed that, when a defendant does not seek review of a state conviction to the state's highest court, the judgment becomes final when "the time for seeking further direct review in the state court expires."

---

[4]    *Id.* at 17.
[5]    R. Doc. 25.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).  But the period is interrupted during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Here, Buckley was charged by bill of information with seven counts of forcible rape.[6]  On the third day of his trial, Buckley withdrew his pleas of not guilty and pleaded guilty to all seven counts.[7]  Buckley directly appealed his conviction and sentence to the Louisiana Fourth Circuit.[8]  On July 3, 2013, the Louisiana Fourth Circuit affirmed petitioner's conviction and sentence. *State v. Buckley*, 120 So. 3d 819, 822 (La. App. 4 Cir. 2013). Under Louisiana Supreme Court Rule X, § 5(a), Buckley had 30 days to appeal that decision to the Louisiana Supreme Court.  Buckley did not appeal.  Accordingly, on August 2, 2013, the judgment of conviction became final, and the statute of limitations for Buckley's federal habeas petition began to run.  *See* U.S.C. § 2244(d)(2).Under AEDPA, Buckley's one-year statute of limitations

---

[6]     R. Doc. 1-1 at 28, 31.
[7]     *Id.* at 28.
[8]     R. Doc. 1-1 at 12-27.

expired on August 4, 2014,[9] unless Buckley filed an application for post-conviction relief in state court to interrupt the period.[10]

Buckley filed his federal habeas petition on May 16, 2019.[11]  Buckley did not file his "motion seeking an extension of time to file an Application for Post Conviction Relief" with the Louisiana Supreme Court until July 20, 2015.[12]   The Louisiana Supreme Court denied petitioner's motion as untimely under Louisiana Supreme Court Rule X, § 5.  *State ex rel. Buckley v. State*, 189 So. 3d 400 (La. 2016).   Petitioner subsequently filed an application for post-conviction relief in the state district court on April 12, 2016.[13]  Because the AEDPA statute of limitations period ran uninterrupted from August 2, 2013 to August 4, 2014, the period expired before Buckley ever filed his state-court application, and well before he filed his federal habeas petition.

---

[9]     As noted by the Magistrate Judge in her R&R, because August 2, 2014 fell on a Saturday, petitioner's one-year limitations period was extended through Monday, August 4, 2014.  *See* R. Doc. 21 at 4 n.21 (citing Fed. R. Civ. P. 6(a)).

[10]    R. Doc. 21 at 4 & n.21.

[11]    *See* R. Doc. 1 at 16; R. Doc. 21 at 3 n.16.

[12]    R. Doc. 21 at 2 n.5; *see also* R. Doc. 1-1 at 40-43.

[13]    R. Doc. 1-1 at 44-53.

### A.    Equitable Tolling

Having found that Buckley's petition is untimely, the Magistrate Judge then determined that petitioner was not entitled to equitable tolling of the statute of limitations.[14]  Petitioner objects to the Magistrate Judge's finding, arguing that he is entitled to equitable relief because of the misconduct of his attorney, Robert Jenkins.[15]  Specifically, Buckley represents that, after he pleaded guilty, Jenkins informed him that he would be filing an appeal, but failed to do so.[16]  Buckley also states that Jenkins ceased communications with him after he pled guilty, and did not communicate with Buckley again for several months.[17]  Buckley represents that, "after several months . . . without any contact from his attorney," he began writing letters to his attorney and had family members call the attorney's office.[18]

According to petitioner, after his family was "unable to contact Mr. Jenkins for almost (3) years," they called the Louisiana Fourth Circuit Court of Appeals and found that Jenkins had filed an appeal, which the court had

---

[14]    R. Doc. 21 at 5-10.
[15]    R. Doc. 20 at 9-11; R. Doc. 25 at 1-6.
[16]    R. Doc. 20 at 2-3.
[17]    *Id.*
[18]    R. Doc. 25 at 2-3.

already decided.[19]  Buckley asserts that Jenkins neither informed him, of the appeal nor provided him with any copies of the court's decision.[20]  Instead of appealing the appellate court's decision, Buckley states that he filed a complaint with the Louisiana disciplinary board, which ultimately sanctioned Jenkins.[21]

Although AEDPA's statute of limitations is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), tolling is available only in "rare and exceptional circumstances," *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  In *Holland v. Florida*, the Supreme Court held that a petitioner is entitled to equitable tolling "only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way and prevented timely filing."  560 U.S. at 645.

The petitioner must show that he was "exercis[ing] diligence even when [he] received inadequate legal representation."  *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) (holding that "[c]omplete inactivity" by petitioner for more than nineteen months, even "in the face of no communication from counsel[,] does not constitute diligence"); *compare Holland*, 560 U.S. at 653 (holding that a petitioner diligently pursued his

---

[19]   R. Doc. 1-2 at 11 (Petitioner's 2016 post-conviction relief application).
[20]   *Id.*
[21]   *Id.* at 3.

6

rights when he "not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association . . . . And, the *very day* that Holland discovered that his AEDPA clock had expired to [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court").  Additionally, courts "have consistently held that pursuing claims against counsel in lieu of pursuing habeas relief in a timely matter is not helpful in establishing diligence." *See McKemie v. Cain*, No. 15-5752, 2017 WL 3235443, at *6 & n.93 (E.D. La. July 28, 2017) (collecting cases).

Here, the Magistrate Judge determined that Buckley is ineligible for equitable tolling because he did not exercise reasonable diligence.[22] Although Buckley's attorney failed to keep him reasonably informed about the status of his appeal,[23] Buckley still had an obligation to exercise due diligence in pursuing his case.  However, Buckley waited several months before contacting his attorney to confirm an appeal had been filed on his behalf, and then waited several years before asking a family member to verify the status of his appeal with the court.  The Court finds that such delays

---

[22] R. Doc. 21 at 8.
[23] R. Doc. 1-1 at 2 (Louisiana Attorney Disciplinary Board Order).

preclude a finding that petitioner exercised the "reasonable diligence" required for equitable tolling. *See United States v. Holder*, No. 09-36, 2011 WL 2119239, at *5 (W.D. La. May 26, 2011) (holding that a defendant was not entitled to equitable tolling because, "at some point before the habeas limitations period had lapsed, the defendant's repeated inability to contact counsel should have compelled him to check with the Court of Appeals . . . to determine whether an appeal had ben filed."). Furthermore, although petitioner asserts that his attorney's misconduct proceeding was "lengthy" and caused "further delay in his appellate proceedings,"[24] the Court notes that "reporting counsel for misconduct is irrelevant to the question of diligence." *See Cain*, 2017 WL 3235443, at *6. The Court thus finds that the Magistrate was correct in finding that Buckley's case is not a rare and exceptional circumstance that justifies equitably tolling AEDPA's statute of limitations.

### B.   Actual Innocence

The Magistrate Judge further found that petitioner had not overcome AEDPA's statute of limitations by making a successful actual-innocence

---

[24]   R. Doc. 20 at 3.

claim.[25]  Petitioner objects to the Magistrate Judge's finding, asserting that her report is "written in a non-favorable manner that casts unreasonable doubt" on his claim of actual innocence, especially given that "the alleged victim herself stated, by sworn affidavit, [that] she had lied about Mr. Buckley having sexually abused her."[26]

Under *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), proof of a petitioner's actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations."  In order to meet the "threshold requirement" of actual innocence, petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  The new evidence relied on by a petitioner must be reliable, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."  *Schlup*, 513 U.S. at 324.  Because "such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  *Id.*

---

[25]     R. Doc. 21 at 10-16.

[26]     R. Doc. 25 at 18.

Here, Buckley asserts he meets the "actual innocence" standard based on the following evidence: (1) the victim recanted her rape allegations prior to trial, (2) there is no DNA evidence connecting him to the crime, (3) test results from a rape kit showed that the victim's underwear tested negative for the presence of seminal fluid or spermatozoa, and (4) that the victim had pending charges against her at the time of trial, had tried to commit suicide prior to the sexual abuse allegation, and had a history of filing false allegations.[27] The Magistrate Judge determined that petitioner pointed to no "new" evidence because the evidence "was always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Moore v. Quarterman*, 534 F.3d 454, 464-65 (5th Cir. 2008). Magistrate Judge Douglas also found that even if the evidence were new, it was insufficient to support a claim of "actual innocence."[28]

Petitioner objects to the Magistrate's findings, representing that the evidence is new because, although it was known at the time of trial, it was withheld from him by his attorney and the state.[29] But petitioner provides no evidence to corroborate his assertion that this information was improperly withheld from him. Furthermore, his argument is undermined

---

[27] R. Doc. 20 at 11-14.
[28] R. Doc. 21 at 13.
[29] R. Doc. 25 at 7-8, 13-15.

by the trial court transcripts,[30] and his inconsistent representations about when information was disclosed to him.[31]

Moreover, the evidence relied on by petitioner for his "actual innocence" claim is insufficient for this Court to find that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See Schlup*, 513 U.S. at 329. Petitioner's objection asserts that his new evidence is "circumstantial evidence sufficient enough to support a colorable claim of 'actual innocence' and to cause a reasonable jury to doubt, at trial, that any sexual abuse had even actually taken place between Petitioner and [the] alleged minor victim."[32] But petitioner's evidence must do more than simply cause a jury to "doubt." It must instead persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. The Court finds that the

---

[30] R. Doc. 16 ("Buckley's trial counsel stated on the record, while Buckley was present in court, that he received the DNA notice prior to trial." (citing the trial transcript from May 9, 2011)).

[31] *Compare* R. Doc. 20 at 13 ("[Petitioner] was not advised of the recanted statement until the day his trial began because said recanted statement had been withheld from him either by the State or his attorney."), *with* R. Doc. 25 at 8 ("Mr. Jenkins knew then that the alleged victim had already recanted her statement the same night she made it, but Mr. Jenkins failed to tell his client of the recanted. Mr. Buckley later learned of Attorney Jenkins having intentionally withheld this pertinent information from him for over two (2) years.").

[32] R. Doc. 25 at 15.

Magistrate was correct in finding that evidence of the victim's recantation, her pending charges, suicide attempt, and history of making false allegations would only have potential impeachment value, which is generally insufficient to make out a claim of "actual innocence."[33]  *See Munchinski v. Wilson*, 694 F.3d 308, 335 (3d Cir. 2012) ("[M]ere impeachment evidence is generally not sufficient to show actual innocence by clear and convincing evidence." (citing *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("This sort of latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [a witness's] account of petitioner's actions.").

The Court also finds that the lack of DNA evidence and the results of the rape test kit fail to establish petitioner's innocence.  *See McAffee v. Procunier*, 761 F.2d 1124, 1127 (5th Cir. 1985) (holding that results from a rape kit that found "no seminal stains, spermatozoa, or blood stains" did not establish [defendant's] innocence," but "merely fail[ed] to prove his guilt"). Moreover, under Louisiana's definition of rape, the evidence that the victim's underwear tested negative for the presence of spermatozoa is not determinative of whether a rape occurred.  *See* La. Rev. Stat. § 14:41 ("Emission is not necessary, and any sexual penetration . . . however slight,

---

[33]     R. Doc. 21 at 14.

is sufficient to complete the crime."). Accordingly, the Court finds that petitioner is not entitled to a timeliness exception based on actual innocence.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). For the reasons stated in the Magistrate Judge's R&R, as well as this Order denying relief, the Court concludes that Buckley's petition fails to satisfy this standard.

## II.    CONCLUSION

For the foregoing reasons, Buckley's petition for habeas corpus is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this  12th   day of October, 2021.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE